**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

In re:                                          )
                                                )
FRANKLIN LEO BOHR, JR. and                      )
SHAROLYN ANN BOHR,                              )          Adv. No. 01-05015-JWV
d/b/a BOHR'S NEW AND USED,                      )
                                                )
        Debtors,                                )
                                                )
                                                )
                                                )
NODAWAY VALLEY BANK,                            )
Successor in interest by merger to              )
THE HERITAGE BANK OF ST. JOSEPH                 )
                                                )          Case No. 5:11-MC-09003-DGK
        Plaintiff,                              )
                                                )
        vs.                                     )
                                                )
FRANKLIN LEO BOHR, JR. and                      )
SHAROLYN ANN BOHR,                              )
d/b/a BOHR'S NEW AND USED,                      )

## <u>ORDER WITHDRAWING REFERENCE</u>

Before the Court is Plaintiff Nodaway Valley Bank's "Motion to Withdraw Reference"

(Doc. 1) pursuant to 28 U.S.C. § 157(D) and Rule 5011 of the Federal Rules of Bankruptcy

Procedure.  For the reasons stated herein, Plaintiff's motion is granted.

### Background

The above-titled case was filed on August 18, 2001, resulting in a judgment entered on

December 11, 2001 in favor of The Heritage Bank of St. Joseph, now Plaintiff Nodaway Valley

Bank, against Defendant Bohr's New and Used in the amount of $109,571.21.  In May of 2011,

Plaintiff filed a motion to revive the December 11, 2001 judgment.  Plaintiff also filed a writ of

execution to execute on the interests of the Defendants in certain real property.  On May 23,

2011, the Bankruptcy clerk issued the writ, and the U.S. Marshal's Office served it on

Defendants on June 21, 2011.  On July 1, 2011, the parties claiming an interest in the real property filed a motion to quash the writ, seeking to stop the sale.   On July 12, 2011, the Bankruptcy Court granted the motion to quash, ruling that it did not have jurisdiction to issue the writ of execution in the first instance.

### Standard

United States District Courts have original jurisdiction over all bankruptcy matters and related proceedings.  28 U.S.C. §§ 1334(a), (b).  Section 157(a) allows district courts to refer bankruptcy cases to the bankruptcy court.  28 U.S.C. § 157(a).  Under 28 U.S.C. § 157(d), "The District Court *may* withdraw, in whole or in part, in a case or proceeding referred under this section on its own motion or on timely motion of any party, for cause shown" (emphasis added). While the statute does not proscribe the elements that constitute "cause," courts consider a number of factors in evaluating whether cause exists to withdraw the reference.  Considerations include: (1) whether the claims are core or non-core; (2) judicial economy; (3) prevention of forum shopping; (4) promoting uniform administration of the bankruptcy code; and (5) the presence of a jury demand.  *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

The first inquiry into whether cause exists to withdraw a case is whether the proceeding is core or non-core.  Core proceedings are those which involve rights created by federal bankruptcy law.  *Specialty Mills Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995). Section 157(b)(2) of title 28 provides a non-exhaustive list of core proceedings.  Non-core proceedings, on the other hand, do not invoke substantive rights created by federal bankruptcy law. *Specialty Mills*, 51 F.3d at 774.  A bankruptcy judge may hear a non-core proceeding if that proceeding is otherwise related to a case under title 11.  28 U.S.C. § 157(c)(1).

The decision regarding whether to withdraw the reference to bankruptcy court is committed to the sound discretion of the district court, and the district court has broad discretion in making this decision. *See In re H & W Motor Express Co*., 343 B.R. 208, 214 (N.D. Iowa 2006), citing *Vreugdenhil v. Hoekstra,* 773 F.2d 213, 215 (8th Cir. 1985). Motions for withdrawal of reference must be "timely," meaning they must be made "as soon as possible after the moving party has notice of the grounds for withdrawing the reference." 28 U.S.C. § 157(d); *In re The VWE Group, Inc.*, 359 B.R. 441, 446 (S.D.N.Y. 2007).

### Discussion

In the instant case, the Court finds that it must withdraw the reference. First, the Court considers whether Plaintiff's requested relief is a core or non-core right. Issuance of a writ of execution is not a substantive right provided by the Bankruptcy Code, and, therefore, is not considered a core right. In the July 12, 2011 hearing, United States Bankruptcy Court Judge Jerry Venters suggested this was the case, noting that under the United States Supreme Court decision in *Stern v. Marshall*, the bankruptcy court did not have the authority to issue a writ of execution because issuance of the writ does not arise under the Bankruptcy Code and was not related to the bankruptcy case. 131 S. Ct. 2594 (2011). Whether something is a core or non-core right, however, is not dispositive on whether the District Court should withdraw its reference to the bankruptcy court.

The Court must also consider judicial economy, prevention of forum shopping, and promoting uniform administration of the Bankruptcy Code. Here, there are no concerns that Plaintiff is engaged in forum shopping or trying to evade the jurisdiction of the bankruptcy court. Rather, the bankruptcy court itself has held that it does not have jurisdiction to issue the writ requested by the Plaintiff. In addition, this case presents no concern regarding the uniform

administration of the Bankruptcy Code.  Whether or not this Court grants Plaintiff's request for a writ of execution will have no effect on bankruptcy law or the administration of the bankruptcy estate.

Finally, the Court recognizes Plaintiff's concern that without this Court's withdrawal of the reference, Plaintiff will be deprived of remedies to enforce the judgment against Defendants. Although the Court refrains from commenting on whether or not it will issue the writ of execution, it does note the difficulties Plaintiff may have enforcing the judgment without intervention from this Court.  Accordingly, this Court withdraws its reference to the Bankruptcy court as to the issue of reviving the December 2001 judgment only.  The Bankruptcy court shall retain jurisdiction over all other matters in this case.

**IT IS SO ORDERED.**

Date: February 22, 2012                           /s/ Greg Kays_____
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT